## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | ID No. 1806012537 |
| | ) | In and for Kent County |
| v. | ) | |
| | ) | RK18-07-0252-01 Rape 4th (F) |
| TYRONE EVANS, | ) | RK18-07-0253-01 USC 2nd (F) |
| | ) | |
| Defendant. | ) | |

## COMMISSIONER'S REPORT AND RECOMMENDATION

### Upon Defendant's Motion for Postconviction Relief
### Pursuant to Superior Court Criminal Rule 61

Kathleen A. Dickerson, Esq., Deputy Attorney General, Department of Justice, for the State of Delaware.

Tyrone Evans, *Pro se.*

FREUD, Commissioner
February 20, 2020

The defendant, Tyrone Evans, ("Evans"), pled no contest on January 30, 2019 to one count of Rape in the Fourth Degree Without Consent, 11 *Del. C.* §770 and one Count of Unlawful Sexual Contact in the Second Degree, 11 *Del. C.* § 768. He was also facing an additional count of Rape in the Fourth Degree, two counts of Sexual Abuse of a Child, an additional count of Unlawful Sexual Contact in the Second Degree, one count of Child Sexual Abuse and one count of Indecent Exposure in the Second Degree. As part of the plea deal the State agreed to enter *nolle prosequis* on

the remaining charges and along with the defense requested a pre-trial services investigation. On April 24, 2019 the Court sentenced Evans to a total of eighteen years at Level V incarceration suspended after two and a half years for varying levels of probation. Evans was also given credit for time served. Had Evans gone to trial and been found guilty as charged he faced a substantial amount of time due to the State's plan to proceed against him as an habitual offender if convicted on all counts. Evans did not appeal his conviction or sentence to the State Supreme court. Instead Evans filed several motions to withdraw his plea prior to his sentencing which were denied by this Court. Next Evans filed the pending motion for postconviction relief pursuant to Superior Court Criminal Rule 61 on June 17, 2019 in which he alleges, in part, ineffective assistance of counsel.

## FACTS

The following are the facts as outlined by the State in the Reply to Evans's motion and documented by accompanying exhibits including the police report attached to the reply.

> Evans was arrested on June 18, 2018 and subsequently charge by indictment with two counts of Sexual Abuse of a Child by a Person in a Position of Trust, Authority, or Supervision in the First Degree, violations of 11 *Del. C.* § 778(1), two counts of Rape Fourth Degree, violations of 11 *Del. C.* § 770, two counts of Unlawful Sexual Contact Second Degree, a violation of 11 *Del. C.* § 768, one count of Sexual Abuse of a child by a Person in a Position of Trust, Authority, or Supervision Second Degree, a violation of 11 *Del. C.* § 778; and one count of Indecent Exposure, a violation of 11 *Del. C.* § 764. The charges arose after L.W., a 16-year old disclosed to her grandmother that the grandmother's 54-year old boyfriend, Evans, had "raped" her.

2

On June 18, 2018, L.W. was taken to Kent General Hospital for a Sexual Assault Nurse Examiner ("SANE") examination. While she waited for the procedure, Detective Dale Boney of the Dover Police Department interviewed her. She told the detective that the previous evening Evans exposed his penis to her, touched her breast and told her that she had "a nice body." At some point L.W. touched his penis. L.W. recounted that at about 1 a.m. on June 18, Evans entered her bedroom and had sexual intercourse with her. After the interview, a forensic examination was conducted on L.W. and swabs were obtained from her genital area for DNA analysis. During the exam L.W. told the forensic nurse examiner about the sexual acts that Evans had engaged with her, including penile-vaginal intercourse and cunnilingus.

Following the initial disclosure and treatment at Kent General Hospital, L.W. was interviewed at the Children's Advocacy Center. During this interview she recanted and stated that she had lied about "pop pop" having sex with her. She later told the State that she recanted because she felt that her grandmother did not believe her and without her grandmother's support she did not see the value in proceeding with the case.

Evans denied having inappropriate sexual relations with L.W and consented to the collection of a DNA buccal swab.

L.W.'s swabs and Evans's buccal swab were examined by a forensic analyst at the Division of Forensic Science. A swab from L.W.'s vagina was found to contain Evans's DNA profile. The analyst determined that the probability of randomly selecting an individual unrelated to Evans with the DNA profile from L.W.'s vagina was 1 in 7

3

trillion.[1]

## EVANS'S CONTENTIONS

Next, Evans filed the instant Motion for Postconviction Relief pursuant to Superior Court Rule 61. In his motion, he raises the following grounds for relief:

Ground one:    Ineffective assistance of counsel.
My lawyer never set up a defense for my case, my lawyer never asked for the proper medical (examiners) report all my lawyer kept producing was plea bargains.

Ground two:    My lawyer never ask for evidence to prove my guilt.
I had told my lawyer that I wanted to take my case to trial. Counsel kept saying I wouldn't win at trial, but there was never any evidence and I've also asked counsel where did the State get my DNA if there was never a medical (examiners) report.

Ground three:    My lawyer never once try to prove my innocence.
I've told my lawyer that I never did anything to the victim I've been dating the victims grandmother for 4 yrs, plus she gave a statement to Dover Police Detective Boney that I never touched her.

Ground four:    My lawyer did not try to defend me plus she was also representing another

---

[1] *State v. Evans*, Del. Super., I.D. No. 1806012537, D.I. 47.

4

defendant with the same case with the
same victim with the same charge I do
believe there was a conflict of interest.

The grounds above represent all of Evans's claims. He did not file a
Memorandum of Law.

## DISCUSSION

Under Delaware law, this Court must first determine whether Evans has met
the procedural requirements of Superior Court Criminal Rule 61(i) before it may
consider the merits of his postconviction relief claim.[2] This is Evans's first motion
for postconviction relief, and it was filed within one year of his conviction becoming
final. Therefore, the requirements of Rule 61(i)(1) - requiring filing within one year
and (2) - requiring that all grounds for relief be presented in initial Rule 61 motion,
are met. None of Evans's claims were raised at the plea, sentencing, or on direct
appeal. Therefore, they are barred by Rule 61(i)(3), absent a demonstration of cause
for the default and prejudice. Each of Evans's grounds for relief are based on
ineffective assistance of counsel; therefore, he has alleged cause for his failure to
have raised the claims earlier.

At this point, Rule 61(i)(3) does not bar relief as to Evans's grounds for relief,
provided he demonstrates that his counsel was ineffective and that he was prejudiced
by counsel's actions. To prevail on his claim of ineffective assistance of counsel,
Evans must meet the two-prong test of *Strickland v. Washington*.[3] In the context of
a guilty plea challenge, *Strickland* requires a defendant show: (1) that counsel's
representation fell below an objective standard of reasonableness; and (2) that

---

[2] *Bailey v. State*, 588 A.2d 1121, 1127 (Del. 1991).

[3] 466 U.S. 668 (1984).

5

counsel's actions were prejudicial to him in that there is a reasonable probability that, but for counsel's error, he would not have pled guilty and would have insisted on going to trial and that the result of a trial would have been his acquittal.[4] The failure to establish that a defendant would not have pled guilty and would have proceeded to trial is sufficient cause for denial of relief.[5] In addition, Delaware courts have consistently held that in setting forth a claim of ineffective assistance of counsel, a defendant must make concrete allegations of actual prejudice and substantiate them or risk summary dismissal.[6] When examining the representation of counsel pursuant to the first prong of the *Strickland* test, there is a strong presumption that counsel's conduct was professionally reasonable.[7] This standard is highly demanding.[8] *Strickland* mandates that, when viewing counsel's representation, this Court must endeavor to "eliminate the distorting effects of hindsight."[9]

Following a complete review of the record in this matter, it is abundantly clear that Evans has failed to allege any facts sufficient to substantiate his claim that his attorney was ineffective. I find trial counsel's affidavit, in conjunction with the record, more credible that Evans's self-serving claims that his counsel's

---

[4] *Id.* at 687.

[5] *Somerville v. State*, 703 A.2d 629, 631 (Del. 1997)(citing *Albury v. State*, 551 A.2d 53, 60 (Del. 1988))(citations omitted).

[6] *See e.g., Outten v. State*, 720 A.2d 547, 557 (Del. 1998) (citing *Boughner v. State*, 1995 WL 466465 at *1 (Del. Supr.)).

[7] *Albury*, 551 A.2d at 59 (citing *Strickland*, 466 U.S. at 689).

[8] *Flamer v. State*, 585 A.2d 736, 754 (Del. 1990)(quoting *Kimmelman v. Morrison*, 477 U.S. 365, 383 (1986)).

[9] *Strickland*, 466 U.S. at 689.

representation was ineffective. Evans's counsel clearly denies the allegations.

Evans was facing the possibility of substantial time in prison had he been convicted. The sentence and plea were very reasonable under all the circumstances, especially in light of the overwhelming DNA evidence against him. Prior to the entry of the plea, Evans and his attorney discussed the case. The plea bargain was clearly advantageous to Evans. Counsel was successful in negotiating a beneficial plea bargain with the State. Counsel's representation was certainly well within the range required by *Strickland*. Additionally, when Evans entered his no contest plea, he stated he was satisfied with defense counsel's performance. He is bound by his statement unless he presents clear and convincing evidence to the contrary.[10] Consequently, Evans has failed to establish that his counsel's representation was ineffective under the *Strickland* test.

Even assuming, *arguendo*, that counsel's representation of Evans was somehow deficient, Evans must satisfy the second prong of the *Strickland* test, prejudice. In setting forth a claim of ineffective assistance of counsel, a defendant must make concrete allegations of actual prejudice and substantiate them or risk dismissal.[11] In an attempt to show prejudice, Evans simply asserts that his counsel was ineffective. His statements are insufficient to establish prejudice, particularly in light of the evidence against him. Therefore, I find Evans's grounds for relief are meritless.

To the extent that Evans alleges his plea was involuntary, the record contradicts

---

[10] *Mapp v. State*, 1994 WL 91264, at *2 (Del.Supr.)(citing *Sullivan v. State*, 636 A.2d 931, 937-938 (Del. 1994)).

[11] *Larson v. State*, 1995 WL 389718, at *2 (Del. Supr.)(citing *Younger*, 580 A.2d 552, 556 (Del. 1990)).

such an allegation. When addressing the question of whether a plea was constitutionally knowing and voluntary, the Court looks to a plea colloquy to determine if the waiver of constitutional rights was knowing and voluntary.[12] At the guilty-plea hearing, the Court asked Evans whether he understood the nature of the charges, the consequences of his pleading no contest, and whether he was voluntarily entering the no contest plea. The Court asked Evans if he understood he would waive his constitutional rights if he entered the no contest plea including the right to suppress evidence; if he understood each of the constitutional rights listed on the Truth-in-Sentencing Guilty Plea Form ("Guilty Plea Form"); and whether he gave truthful answers to all the questions on the form. The Court asked Evans if he had discussed the his plea and its consequences fully with his attorney. The Court asked Evans if he was entering into the plea because the State had sufficient evidence to convict him as charged. The Court also asked Evans if he was satisfied with this counsel's representation. Evans answered each of these questions affirmatively.[13] I find counsel's representations far more credible than Evans's self-serving, vague allegations.

Furthermore, prior to entering his no contest plea, Evans signed a Guilty Plea Form and Plea Agreement in his own handwriting. Evans's signatures on the forms indicate that he understood the constitutional rights he was relinquishing by pleading guilty and that he freely and voluntarily decided to plead guilty to the charges listed in the Plea Agreement. Evans is bound by the statements he made on the signed

---

[12] *Godinez v. Moran*, 509 U.S. 389, 400 (1993).

[13] *State v. Evans*, Del. Super., ID No. 1806012537 (Jan. 30, 2019) Tr. at 2-7.

8

Guilty Plea Form, unless he proves otherwise by clear and convincing evidence.[14] I confidently find that Evans entered his no contest plea knowingly and voluntarily and that Evans's grounds for relief are completely meritless.

## CONCLUSION

I find that Evans's counsel represented him in a competent and effective manner and that Evans has failed to demonstrate any prejudice stemming from the representation. I also find that Evans's no contest plea was entered knowingly and voluntarily. I recommend that the Court *deny* Evans's motion for postconviction relief as procedurally barred and completely meritless pursuant to Superior Court Criminal Rule 61(i)(3).

/s/ Andrea M. Freud
Commissioner

AMF/dsc

---

[14] *Sommerville,* 703 A.2d at 632.

9